IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD BARLEY, TDCJ NO. 1818237, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-0030 |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Charles Edward Barley (TDCJ No. 1818237) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254, challenging a state court conviction. (Docket Entry No. 1) The respondent has filed Respondent's Motion for Summary Judgment with Brief in Support, arguing that the petition must be dismissed because Barley has not yet exhausted available state court remedies as required before seeking federal habeas review. (Docket Entry No. 12) Barley has filed Petitioner's Response with Supporting Brief. (Docket Entry No. 18) The court will grant the respondent's motion and dismiss this action for the reasons explained below.

### I. Procedural History

Barley was charged with murder in case number 11-05-13820. After a jury in the 506th District Court of Waller County, Texas,

found Barley guilty as charged, he was sentenced to fifty years' imprisonment.

Barley's murder conviction was affirmed in an unpublished opinion. Barley v. State, No. 01-12-01002-CR (Tex. App.—Hous. [1st Dist.] Oct. 29, 2013, no pet.). Barley's motion for rehearing was denied on January 9, 2014. Because Barley did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final thirty days later, on or about February 9, 2014. See Tex. R. App. P. 68.2(a).

On October 15, 2014, Barley filed a state application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals dismissed that petition on December 17, 2014, because it did not comply with state procedural rules.

On December 23, 2014, Barley filed a second state application for a writ of habeas corpus. On the same day Barley filed the pending petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. Noting that Barley's second state habeas corpus application remains pending the respondent argues that Barley has failed to exhaust available state court remedies and that his federal petition must be dismissed as premature.

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore, 454 F.3d at 491 (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas a criminal defendant may challenge a conviction in two ways: (1) the petitioner may

file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Barley concedes that his second state habeas application remains pending in state court and that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Barley does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. Accordingly, the court will grant the respondent's motion for summary judgment and dismiss this case for lack of exhaustion.

Barley has filed a motion to stay this case in abeyance while his habeas corpus application is pending in state court. (Docket Entry No. 2) Requests to stay a federal habeas proceeding are governed by the criteria found in Rhines v. Weber, 125 S. Ct. 1528 (2005). In that case, the Supreme Court held that district courts

may stay a mixed petition, containing both exhausted and unexhausted claims, only in "limited circumstances." Id. at 1534. At a minimum, a petitioner must show good cause for his failure to exhaust. Id.

The petition filed in this case is not mixed; it is wholly unexhausted. Moreover, Barley does not demonstrate the requisite good cause for his failure to exhaust state court remedies under the criteria found in Rhines or that a stay is warranted under the circumstances of this case. The statute of limitations on federal habeas review is tolled while Barley's state habeas corpus application remains pending in state court. See 28 U.S.C. § 2244(d)(2). Provided that he acts with due diligence, it appears that Barley will have ample time left under the governing statute of limitations in which to seek habeas relief in federal court in the event of an unfavorable ruling on his pending state court application. Accordingly, the court will deny Barley's request for a stay.

### III. Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a

circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

3. The petitioner's motion to stay this case in abeyance (Docket Entry No. 2) is **DENIED**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 18th day of May, 2015.

                                       _____
                                                SIM LAKE
                                       UNITED STATES DISTRICT JUDGE